# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Charles Anthony Asmer, #31388-171, ) | Civil Action No. 4:21-cv-2817-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Rex Blocker, Ms. Walton-Battle, Dr. H. ) | **ORDER AND OPINION** |
| Lopez, Stephen Sizemore, Kristen Eldred, ) | |
| Amy Book, Stephanie Lanham, Donardo ) | |
| Fonte, Dr. James Winston, Captain Newell, ) | |
| Walter Vereen, Charles Thomas, Bonita S. ) | |
| Mosley, J. Hutchinson, Sondra Broadwater, ) | |
| Lt. Waller, Dr. Stallings, Tonya Burks, ) | |
| Ms. Bryan, Mr. Valez, Ms. Hawkes, ) | |
| Mr. Waites, and Mr. Torino, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 30) recommending the Court dismiss the amended complaint without prejudice and without issuance and service of process. For the reasons stated below, the Court declines to adopt the R & R as the Order of the Court.

**I.     Background**

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis*. Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Dkt. No. 24 at 7, 16). On October 5, 2021, the Magistrate Judge gave Plaintiff an opportunity to cure deficiencies in the original complaint. (Dkt. No. 10). Plaintiff availed himself of the opportunity and filed an amended complaint. (Dkt. No. 24). On January 20, 2022, the Magistrate Judge issued an R & R recommending the Court dismiss the amended complaint without prejudice for failure to exhaust administrative remedies. (Dkt. No. 30). On February 4,

1

2022, Plaintiff filed objections to the R & R. (Dkt. No. 32). The matter is ripe for the Court's review.

## II. Legal Standard

### A. Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff filed objections in this case, and the R & R is reviewed de novo.

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### C. Failure to State a Claim

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding *in forma pauperis*. 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

## III. Discussion

Upon a careful review of the R & R, the pleadings, and the objections to the R & R, the Court finds that it is unclear from the face of the complaint whether Plaintiff exhausted his administrative remedies and therefore, the Court declines to dismiss the amended complaint. (Dkt. No. 30).

Plaintiff asserts a *Bivens* claim which is subject to the exhaustion requirements under the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 524 (2002). An inmate does not need to demonstrate exhaustion of administrative remedies in his complaint. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (citing *Jones v. Bock*, 549 U.S. 199 (2007); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[I]nmates need not plead exhaustion, nor do they bear the burden of proving it.")). Instead, failure-to-exhaust is an affirmative defense that the defendant must raise. *Id*. There is a rare exception to this rule which allows the Court to sua sponte dismiss a complaint for failure to exhaust administrative remedies when the alleged facts

in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies. *Id.* at 361 (finding the district court improperly dismissed complaint sua sponte based on administrative exhaustion requirement when Plaintiff alleged he attempted to exhaust his administrative remedies, that his grievance was dismissed as untimely, and that he appealed that determination to the highest level.). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The Magistrate Judge outlined the Bureau of Prisons' multi-tiered administrative grievance process and concluded that Plaintiff's *Bivens* claim was not properly exhausted. (Dkt. No. 30 at 4). The Magistrate Judge explained that the first step in the process is filing a Form BP-8, followed by a Form BP-9, followed by a Form BP-10 appeal to the Regional Director. 28 C.F.R. §§ 542.13-15. The final step in the administrative process is to file a Form BP-11 to appeal the decision of the General Counsel within thirty calendar days of the Regional Director's decision. *Id*. at § 542.15.

Plaintiff alleges he filed a grievance at the institution, the Regional Office, and with this Court, not the Office of General Counsel (BP-11, final step). (Dkt. No. 24 at 11). As the Magistrate Judge noted, Plaintiff attaches several Form BP-9s and BP-10s to his amended complaint. (Dkt. No. 24-1 at 16-21). In the objections to the R & R, Petitioner indicates he believes he exhausted all administrative remedies at F.C.I. Edgefield. (Dkt. No. 32 at 1). Plaintiff appears to explain that he does not have all his grievances, but they are in his medical file. Plaintiff states he has filed Forms BP-8, BP-9, BP-10, and BP-11 (final-step). (*Id.*). Construing Plaintiff's allegations and objections to the R & R liberally, the Court finds that it is not apparent from the face of the amended complaint whether Plaintiff exhausted his administrative remedies as he indicates he filed a Form

4

BP-11. (Dkt. No. 32 at 1). Therefore, the Court declines to dismiss Plaintiff's amended complaint for failure to exhaust administrative remedies.

IV.     **Conclusion**

For the reasons stated above, the Court **DECLINES TO ADOPT** the R & R as the Order of the Court. (Dkt. No. 30). This matter is referred to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

February 8, 2022
Charleston, South Carolina

5