IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Anthony Asmer, #31388-171,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>Rex Blocker *et. al*,   )<br>)<br>Defendants.   )<br>_____)  | Case No. 4:21-2817-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 44) recommending that the Court dismiss this action with prejudice and without service of process under 28 U.S.C. § 1915(e)(2)(B) regarding Defendants Blocker, Sizemore, Eldred, Book, Lanham, Fonte, Winston, Newell, Thomas, Mosely, Hutchinson, Broadwater, Waller, Stallings, Burks, Bryan, Valez, Hawkes, Waites, and Torino. Plaintiff has not filed objections to the R & R. As set forth below, the Court adopts the R & R as the order of the Court.

Plaintiff, a federal prisoner, proceeding *pro se* and *in forma pauperis*, brings this action against various federal employees in their individual capacity under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The matter was referred to the Magistrate Judge for pretrial handling under 28 U.S.C. § 636(b)(1) and South Carolina Local Rule 73.02(B)(2)(e). The Magistrate Judge has reviewed Plaintiff's pleadings under the standard of 28 U.S.C. § 1915(e)(2)(B), which authorizes the district court to summarily dismiss actions without service and issuance of process which plainly lack legal merit.

I. **Legal Standards**

   a. *Fed R. Civ. P. 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

   b. *Pro Se Pleadings*

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### c. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

## II. Discussion

Plaintiff asserts violations of his rights under the Eighth Amendment of the United States Constitution regarding treatment he has received for Crohn's disease and a fistula where his bladder is connected to his sigmoid colon, which he alleges cause him constant and unbearable pain. The 23 named defendants are various federal medical and prison staff members. In a comprehensive ten page order, the Magistrate Judge addressed the allegations (or lack thereof) against each of the named defendants, concluding that Plaintiff has failed to assert claims upon which relief can be granted involving 20 of the 23 defendants, despite being afforded the right to address identified deficiencies in an amended complaint.

-4-

After a careful review of the R & R and the record in this matter, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff has failed to assert claims upon which relief could be granted against Defendants Blocker, Sizemore, Eldred, Book, Lanhan, Fonte, Winston, Newell, Thomas, Mosely, Hutchinson, Broadwater, Waller Stallings, Burks, Bryan, Valez, Hawkes, Waites, and Torino and that claims against those named defendants should be summarily dismissed without issuance and service of process. Consequently, the Court adopts the R & R (Dkt. No. 44) as the order of the Court and dismisses the aforementioned defendants from this action. Plaintiff's claims against Defendants Vereen, Lopez, and Walton-Battle, will go forward and the Magistrate Judge has authorized the issuance and service of process against these defendants.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 27, 2022
Charleston, South Carolina